```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 09-21717-Civ-HUCK
                         MAGISTRATE JUDGE P.A. WHITE

SPENCER LEE,                    :

     Petitioner,                :

v.                              :    REPORT OF
                                     MAGISTRATE JUDGE
WALTER A. McNEIL,               :

     Respondent.                :
_____
```

## I. Introduction

Spencer Lee, who is presently confined at Columbia Correctional Institution Annex in Lake City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case numbers 00-3838, 01-29934, 01-33999, 02-4831, and 02-30299 entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and amended petition, the Respondent's response to an order to show cause and appendix of exhibits.

## II. Procedural History

Lee is challenging his conviction and sentence in five separate cases. Lee entered guilty pleas in each of these cases on the same day. Briefly the procedural history of each case is as

1

follows:

### CASE NUMBER 00-3838

Lee was charged in case 00-3838 with home invasion robbery (Count I), strong arm robbery (Counts II, III), and three counts of battery on a person sixty-five years of age or older (Counts IV-VI). [DE# 12, App. B]. He entered a plea of nolo contendere on May 7, 2001; the court adjudicated him guilty and placed him on one year of probation. [DE# 12, App. B]. On November 13, 2006 the court revoked probation pursuant to an admission of a probation violation and sentenced Lee to prison for twenty-five years (Count I), fifteen years (Counts II, III), and five years (Counts IV-VI), concurrent. [DE# 12, App. D].

### CASE NUMBER 01-29934

Lee was charged in case 01-29934 with fraudulent use or possession of personal identification. [DE# 12, App. E]. The court adjudicated him guilty pursuant to a guilty plea on November 13, 2006. [DE# 12, App. F]. The court imposed a sentence of ten years with a five year minimum mandatory. [DE# 12, App. G].  No direct appeal was taken of this conviction.

### CASE NUMBER 01-33999

Lee was charged in case 01-33999 with strong armed robbery. [DE# 12, App. H]. The court adjudicated him guilty pursuant to a guilty plea on November 13, 2006. [DE# 12, App. I].  The court imposed a sentence of 25 years with a 15 year minimum mandatory as a prison releasee reoffender and a 10 year minimum mandatory as an habitual violent felony offender. [DE# 12, App. J].  No direct appeal was taken from this conviction.

### CASE NUMBER 02-4831

Lee was charged in case 02-4831 with strong arm robbery with

an aggravated battery. [DE# 12, App. K].  The court adjudicated him guilty pursuant to a guilty plea on November 13, 2006. [DE# 12, App. L].  The court imposed a sentence of 25 years with 10 year minimum mandatory as an habitual violent felony offender. [DE# 12, App. M].  No direct appeal was taken from this conviction.

CASE NUMBER 02-30299

Lee was charged in case 02-30299 with two counts of unlawful application for driver's license or I.D. Card, two counts of false affidavit and two counts of forgery. [DE# 12, App. N].  The court adjudicated him guilty of all charges pursuant to a guilty plea on November 13, 2006. [DE# 12, App. O].  The court imposed concurrent ten year sentences for all counts with a five year minimum mandatory as a habitual violent felony offender. [DE# 12, App. P].  No direct appeal was taken from this conviction.

All sentences in the aforementioned cases were to be concurrent.

On April 3, 2008 Lee filed his first motion for post conviction relief in state court. [DE# 12, App. R].  The motion was addressed to all of Lee's aforementioned convictions.  In this motion Lee raised four claims.  First, Lee claimed that counsel was ineffective for failing to conduct investigations into sources of exculpatory evidence resulting in an involuntary plea; second, Lee claimed that his plea was involuntarily and unintelligently entered based on counsel's alleged misadvice relating to viable defense options; third, Lee claimed that his plea was involuntarily and unintelligently entered based on his alleged fear that counsel was not prepared to try the case; and fourth, Lee claimed that his plea was involuntary because he was under the influence of psychotropic medications.  On April 18, 2008 this motion was denied by the trial

court without an evidentiary hearing. [DE# 12, App. S]. The trial court found that each claim was refuted by the record of the plea colloquy. [DE# 12, App. S].

On May 22, 2008 Lee filed a motion for rehearing. [DE# 12, App. T]. Lee conceded that his first claim in his post conviction motion was moot. On August 27, 2008 the trial court denied the motion for rehearing. [DE# 12, App. U]. On or about January 12, 2009 Lee filed a notice of appeal in the Third District Court of Appeal. [DE# 12, App. V]. On April 8, 2009 the Third District affirmed, per curiam, the trial court's denial of the motion for post conviction relief. [DE# 12, App. W]. Mandate issued in the case on May 4, 2009.[1]

Lee filed the instant petition on June 17, 2009.[2] He argues counsel was ineffective for: (1) failing to investigate any sources of exculpatory evidence; (2) misadvising Lee to plead guilty because there were no available defenses; (3) failing to prepare for trial. [DE# 1]. He also contends (4) his plea was involuntary because he was under the influence of psychotropic medication. He filed a second petition docketed as an amended petition the same day raising the same grounds. [DE# 2].

### III. Statute of Limitations

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. §

---

[1] The court takes judicial notice of the online docket of the Third District Court of Appeal found at http://199.242.69.70/pls/ds/ds_docket, Case number 3D09-155.

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007); Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."). For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted).

Lee's convictions and sentences became final on December 13, 2006, when the thirty-day period for seeking a direct appeal expired. See Fla. R. App. P. 9.110(b); Miller v. State, 8 So.3d 451 (Fla. 1st DCA 2009); Demps v. State, 696 So. 2d 1296, 1297 n.1 (Fla. 3d DCA 1997); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990). Lee therefore had until December 13, 2007, to seek federal habeas relief. He did not file the instant habeas petition until June 16, 2009, well more than one year after his convictions and sentences became final. Nor did he file any motions seeking collateral relief in State court within that one-year period that would have tolled the running of AEDPA's statute of limitations. 28 U.S.C. §§ 2244(d)(1)(A), (d)(2). The motion for post-conviction relief that Lee filed after the expiration of AEDPA's time limit

5

had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001) (petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled). The instant petition is therefore untimely.

Lee has not alleged that any "extraordinary circumstances" beyond his control prevented him from timely filing this petition. Nor has he established that a timely filing was unavoidable even with his exercise of due diligence. See Lawrence, 421 F.3d at 1226. The time-bar is ultimately the result of Lee's failure to timely and properly institute state post conviction proceedings and this federal habeas corpus proceeding. Lee's present claims are now time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2) and should not be considered on the merits.

In his petition, Lee contends the instant petition is timely because AEDPA contains a ninety-day grace period for filing a federal habeas petition. Lee does not provide any citation for this proposition. He may be misconstruing the ninety day period following direct appellate review during which time a petitioner may seek certiorari review in the United States Supreme Court. However, such period is inapplicable to Lee's case as he did not seek direct appeal of his conviction.

Lee does not provide any other argument regarding the timeliness of his petition. Lee has not presented any argument for the application of equitable tolling.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied as time barred.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Spencer Lee, pro se
      DC# 184991
      Columbia Correctional Institution Annex
      216 SE Corrections Way
      Lake City, FL 32025-2013

      Heidi Caballero, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131